**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| DEWAYNE LEWIS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI JESUP,<br><br>Respondent. | CIVIL ACTION NO.: 2:25-cv-111 |

**REPORT AND RECOMMENDATION**

Petitioner Dewayne Lewis ("Lewis"), who is currently incarcerated at the Federal Correctional Institution-Loretto in Cresson, Pennsylvania, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus while he was housed at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Doc. 1. Respondent filed a Motion to Dismiss, and Lewis filed a Response. Docs. 12, 16. I notified the parties that I was converting the Motion to Dismiss into a Motion for Summary Judgment and allowed the parties the opportunity to submit additional evidence.[1] Doc. 17. For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's converted Motion for Summary Judgment, **DISMISS** Lewis's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Lewis *in forma pauperis* status on appeal.

[1] Lewis filed a few documents in response to the Court's Order on conversion. Docs. 19, 20, 21. But none of filings contain additional evidence for the Court's consideration or contradict the facts stated in the Motion to Dismiss or documents supporting that Motion.

## BACKGROUND

Lewis was convicted in the District Court for the Northern District of Indiana of possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841. He was sentenced to 360 months in prison and has a projected release date of October 6, 2040, via good conduct release, and October 7, 2039, via First Step Act release. Doc. 12-1 at 11.

While housed at FCI Jesup, Lewis was charged with a Code 108 possession of a hazardous tool, Code 115 destruction or disposal of an item, and Code 199 disruptive conduct-greatest. Doc. 12 at 2. After a disciplinary hearing, the Disciplinary Hearing Officer ("DHO") found Lewis guilty of the Code 108 charge and sanctioned him with a loss of 41 days' good conduct time and the loss of 90 days each of commissary and telephone privileges. Id. at 4. The matter was referred back to the DHO for a rehearing to allow Lewis to have a staff representative. Doc. 1-1 at 4. After this second hearing, the finding of guilt and imposed sanctions remained in place. Doc. 12 at 5.

## DISCUSSION

In his Petition, Lewis contends that the Bureau of Prisons ("BOP") did not properly vacate and expunge the incident report and instead referred the report back to the institutional level. Doc. 1 at 6. Lewis also contends that the DHO deprived him of his due process rights by denying Lewis the right to present documentary evidence at the hearing. Lewis states that he did not have fair notice of the witnesses who would be present at the hearing and that the report did not identify the officer who recovered the contraband. Id. In addition, Lewis states the disciplinary proceedings were improperly delayed because the BOP sent the report to the Federal Bureau of Investigation ("FBI") and he did not get a copy of the DHO's report in a timely manner. Id. at 7.

Respondent asserts Lewis's Petition should be denied because Lewis for afforded all process due to him and some evidence supports the Disciplinary Hearing Officer's ("DHO") findings. Doc. 12 at 5–9.

**I. Summary Judgment Standard**

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)). "If the evidence [produced by the non-moving party] is merely colorable or is not significantly probative summary judgment must be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 249 (1986) (citations omitted).

The moving party bears the burden of establishing there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. See Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the non-moving party would have the burden of proof at trial, the moving party may discharge his burden by showing the record lacks evidence to support the non-moving party's case or the non-moving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary

judgment motion should be granted, a court must view the record and all reasonable inferences which can be drawn from the record in a light most favorable to the non-moving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011).

## II. The BOP Met Due Process Requirements

### A. Disciplinary Proceedings

To determine whether Lewis's right to due process was violated, the Court must determine what process was owed to Lewis. A prisoner has a protected liberty interest in statutory good time credits and, therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are taken away or denied. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 555–57 (1974)). That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him; (2) is given the opportunity to call witnesses and present documentary evidence; and (3) receives a written statement setting forth the disciplinary board's findings of fact. Id. (citing Wolff, 418 U.S. at 563–67). Additionally, the Eleventh Circuit has determined an inmate has the right to attend his disciplinary hearing. Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992). Importantly, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants. Id.

Lewis was charged on April 3, 2024, with: possession of a hazardous tool in violation of Code 108; destroying/disposing of an item, in violation of Code 199; and disruptive conduct-greatest, in violation of Code 199. Doc. 12-1 at 4, 16. BOP staff at the institution where Lewis was housed at the time referred the matter to the FBI the same day, and FBI officials notified BOP staff that it declined to prosecute on April 14, 2024. Id. at 21. A correctional staff member prepared an incident report, and Lewis was given a copy of the incident report the same day as

the FBI declined prosecution. Id. at 22. The Unit Discipline Committee ("UDC") referred the matter to a DHO for further disposition after an investigation was conducted. Id. at 21. As part of the UDC investigation, Acting Lieutenant Chastain read the incident report to Lewis and advised Lewis he had the right to remain silent; Lewis stated he understood his rights and did not give a statement at that time. Id. at 22. The UDC chair gave Lewis his DHO hearing notice, and Lewis signed this notice and indicated that he did want a staff representative but no witnesses at the hearing. Id. at 25. Lewis also signed the notice of his hearing rights. Id. & at 27. DHO Bruce found Lewis had committed the act of possession of a hazardous tool (a cell phone), but not the charges of destruction of evidence or disruptive conduct and imposed as sanctions the disallowance of 41 days of good conduct time and the loss of 90 days of commissary and telephone privileges. Id. at 18. DHO Bruce signed his report on May 2, 2024, and the report was delivered to Lewis on May 7, 2024. Id. at 19.

Lewis's incident report was remanded for a rehearing because Lewis had asked to have a staff representative at the first hearing, id. at 27, but the requested staff representative was not present at the first hearing without explanation. Id. at 35. For the second hearing, which was conducted on July 10, 2024, Lewis waived his right to have a staff representative or any witness and waived appearance at the hearing. Id. & at 29, 31. DHO Bruce stated that he re-examined all the evidence and affirmed his original finding. Id. at 35.

The record demonstrates that Lewis received all required procedural protections. An incident report was issued on April 14, 2024, and Lewis received this incident report the same day. Id. at 22. The UDC conducted an investigation and referred the matter to a DHO for hearing. Id. at 21. Lewis was advised of his rights before the DHO and received a copy of the notice of hearing and his rights on April 15, 2024, including the right to remain silent. Id. at 25.

He received a DHO hearing on May 1, 2024. Id. at 16. Lewis attended the hearing, and his rights were again read and reviewed with him, including the right to have a staff representative, to call witnesses, to present documentary evidence, and to remain silent. Id. at 16–17. The DHO noted that Lewis declined to have a staff representative present and did not wish to present evidence or witnesses, but he did provide as a statement: "I had a phone, but the rest of it, I don't know what it's talking about." Id. at 17. DHO Bruce noted Lewis did not submit documentary evidence, either at the incident report phase or the DHO phase as a defense. Id. at 17–18. Following the hearing, DHO Bruce detailed his factual and legal conclusions, and Lewis was provided with the DHO's written report on May 7, 2024. Id. at 19. However, because Lewis had requested to have a staff representative for the May 2024 hearing but did not have representation, id. at 27, the report was remanded to the DHO. Id. at 35; Doc. 1-1 at 4. At the July 10, 2024 rehearing, Lewis did not want a staff representative and did not have any witnesses to call. Id. & at 29. Lewis also waived appearance at this hearing. Id. at 31, 35.

Thus, the evidence unequivocally demonstrates that Lewis received advance written notice of the charges against him, attended the first hearing, was given the opportunity to call witnesses and present documentary evidence, and received a written statement setting forth the DHO's findings of fact. And because Lewis's requested staff representative for the first hearing was not at the hearing, despite Lewis indicating that he wanted a staff representative, Lewis had another hearing. Lewis declined staff representation for the second hearing and waived appearance. The record contradicts Lewis's assertions regarding the alleged procedural violations involved in these hearings. See Doc. 1-1 at 19 (finding on appeal that compliance with all policies was had during the disciplinary process). In addition, Lewis fails to show a genuine dispute of any fact material to his procedural violations claims.

As for Lewis's contention regarding the timeliness of his receipt of the incident report and a delay in the DHO proceedings—to the extent this is a claimed due process violation, doc. 1 at 7, BOP staff complied with Program Statement 5270.09, and nothing about the timeliness of the report suggests any constitutional violation. The Program Statement allows for suspension of the time frame for processing the incident report until the FBI or other investigative agency releases the report for processing at the administrative level where BOP staff has a belief the incident may involve criminal prosecution, which is what happened here. https://www.bop.gov/policy/progstat/5270_009_cn_1.pdf, Ch. 2, p. 19 (last accessed Aug. 17, 2026); 28 C.F.R. § 541.5(b). Lewis received the incident report the same day that BOP learned that the FBI declined pursuing a criminal prosecution. Lewis has not shown any violation of the program statement or regulation, and he does not otherwise present any viable challenge to due process requirements with the remainder of his assertions.[2] Docs. 1, 16. As Lewis fails to show

---

[2] Lewis contends that his original incident report should have been vacated and expunged from his central file when the reviewing authority finds "that the process did not substantially comply with [the] requirements of Program Statement 5270.09. Doc. 1 at 11. The Court was unable to find any support for this assertion in Program Statement 5270.09. https://www.bop.gov/policy/progstat/5270_009_cn_1.pdf (last visited Aug. 17, 2026). In fact, the only mentions of "expunge" the Court found are: (1) "When the UDC holds a full review and determines that the inmate did not commit a prohibited act of Moderate or Low severity, the UDC expunges the inmate's file of the incident report and related documents."; and (2) "If the DHO expunges an incident report, unit staff must ensure the inmate's central file does not include the incident report and/or related documents." Id. at pp. 27, 35. There is nothing before the Court indicating that an expungement was required here and, even if it were, nothing indicates the failure to expunge the report constitutes a due process violation.

Lewis also contends the failure to expunge the original incident report created a violation of his double jeopardy protections. Doc. 1 at 12; Doc. 16 at 7. However, as noted, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants. Battle, 970 F.2d at 782–83. "The Double Jeopardy Clause does not apply to proceedings that are not 'essentially criminal.'" Chapman v. Proctor, No. 2:20-CV-91, 2022 WL 822466, at *3 (S.D. Ga. Jan. 10, 2022), report and recommendation adopted, 2022 WL 501390 (S.D. Ga. Feb. 18, 2022) (quoting Breed v. Jones, 421 U.S. 519, 528 (1975)). "Prison disciplinary proceedings are not part of a criminal prosecution." Id. (citing Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). None of Lewis's assertions implicate double jeopardy concerns.

a violation of his procedural due process rights or a genuine dispute as to any fact material to any such claim, the Court should **GRANT** this portion of Respondent's construed Motion for Summary Judgment.

**B. Some Evidence Supports the DHO's Findings**[3]

Additionally, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). Determining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843, 845 (11th Cir. 2011).[4] "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 456. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Tedesco v. Sec'y for Dep't of Corr., 190 F. Appx' 752, 757 (11th Cir. 2006) (internal citation omitted).

---

[3] Lewis does not challenge the sufficiency of the evidence used to convict him of a disciplinary infraction. The Court addresses the "some evidence" standard for completeness purposes and because Respondent raises this in the Motion to Dismiss.

[4] The "some evidence" standard is a requirement of procedural, not substantive, due process. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) ("We now hold that revocation of good time does not comport with 'the minimum requirements of procedural due process, unless the findings of the prison disciplinary board are supported by some evidence in the record.'") (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)); see also O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (noting in Wolff and Hill "the Supreme Court addressed the requirements of procedural due process in the prison setting.").

"Some evidence" supports the DHO's finding that Lewis committed the charged offense of possession of a hazardous tool. Specifically, DHO Bruce considered Lewis's admission of guilt to the charge, the incident report and investigation, photographs of the prohibited item, and the chain of custody. Doc. 12-1 at 16–18, 34–36. The record shows that Lewis received all the due process protections afforded him during the disciplinary proceedings, and any contention to the contrary is without merit. And Lewis does not show that there is a genuine dispute as to a fact material to any putative claim that he was not given due process protections during the disciplinary proceedings. Thus, the Court should **GRANT** this portion of Respondent's construed Motion for Summary Judgment.

## III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Lewis leave to appeal *in forma pauperis*. Though Lewis has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good

faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Lewis's Petition and Respondent's construed Motion for Summary Judgment and Lewis's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's construed Motion for Summary Judgment and **DISMISS** Lewis's Petition. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Lewis *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 17th day of August, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA